# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID DANIEL RICHARDSON, | : Case No. 2:24-cv-1817 |
| Plaintiff, | : |
| vs. | : District Judge James L. Graham |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| FRANKLIN COUNTY CORRECTIONS CENTER, *et al.*, | : |
| Defendants. | : |

# ORDER and
# REPORT AND RECOMMENDATION[1]

Plaintiff, a pretrial detainee at the Franklin County Corrections Center, has filed a *pro se* civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. As Defendants, Plaintiff names the Franklin County Corrections Center, Nurse Linda, Nurse Sandy, and Deputy Sumner. (*See* Doc. 1-1, Complaint at PageID 11).

By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis.* This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

## Screening of Plaintiff's Complaint

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> * * *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[2] Formerly 28 U.S.C. § 1915(d).

2

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

B. **Allegations in the Complaint**

Plaintiff brings this action in connection with alleged unconstitutional conditions, inadequate medical care, and retaliation at the Franklin County Correctional Center. According to Plaintiff, Defendants nurses Linda and Sandy retaliated against him for filing a complaint against them for "for (PREA) allegations, sexual harassment, investigation, [and] medical malpractice." (Doc. 1-1 at PageID 12). Specifically, Plaintiff claims that on February 22, 2024, these Defendants tampered with his "prescription medication eye drops" and/or "prescription medication items" resulting in "severe side effects such as blindness, discharging of the eyes, dizziness." (*Id.* at PageID 12, 13).

With respect to the alleged unconstitutional prison conditions, Plaintiff claims that he has remained in solitary confinement since January 3, 2024. Plaintiff alleges that during this time, he has been denied phone calls, attorney visits, legal services, family visits, commissary, educational programing, and mental health and religious services. (*Id.* at PageID 14). Plaintiff asserts that Defendant Deputy Sumner tampered with/confiscated his legal mail, denied Plaintiff attorney visits and calls, and denied him privileges in retaliation for Plaintiff filing a complaint against Sumner. (*See id.* at PageID 14. *See also* Doc. 3 at PageID 100; Doc. 6 at PageID 176).

The complaint also includes alleged constitutional violations in Plaintiff's pending state-court criminal case. (*See* Doc. 1 at PageID 16). For example, it appears that Plaintiff claims he has been denied his right to a speedy trial and had his right against double jeopardy violated. With respect to the alleged state-court constitutional violations, Plaintiff seeks immediate release from custody. (*Id.*).

Plaintiff otherwise seeks monetary damages. (*Id.* at PageID 13).

4

## C. Analysis

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that Plaintiff may proceed in this action against Defendants Nurse Linda and Nurse Sandy based on his allegation that these Defendants retaliated against him in violation of the First Amendment and denied him adequate medical treatment. Plaintiff may also proceed with the complaint against Defendant Sumner, based on his allegations that Sumner retaliated against him by interfering with his legal mail, cancelling Plaintiff's attorney visits, and denying his privileges/subjecting him to alleged unconstitutional prison conditions. Plaintiff's claims against these Defendants are deserving of further development and may proceed at this juncture.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Specifically, the Franklin County Corrections Center should be dismissed as a Defendant to this action. 42 U.S.C. § 1983 provides that provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility or jail is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Mich. Dep't. of Corr.,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See, e.g.*, *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (finding that the Hamilton County Justice Center was not a person subject to suit), *adopted,* 2020 WL 529585 (S.D. Ohio Feb. 17, 2012). Even if the Court were to liberally construe the complaint as against Franklin County itself, Plaintiff failed to adequately plead that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690

5

(1978). Therefore, the complaint against the Franklin County Corrections Center should be dismissed.

To the extent that Plaintiff challenges his state-court proceedings and seeks immediate release, his claims are subject to dismissal. (*See* Doc. 1-1 at PageID 16). The proper mechanism for a petitioner to challenge his present physical custody is a petition for a writ of habeas corpus, not a civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (recognizing that a pretrial detainee, who has exhausted all available state remedies as a prelude to seeking federal habeas relief, may file a pretrial petition under 28 U.S.C. § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial."). Thus, to the extent that Plaintiff seeks relief in the form of his release from custody, his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.

Accordingly, in sum, Plaintiff may proceed in this action with his individual capacity claims against Defendants Nurse Linda, Nurse Sandy, and Deputy Sumner. Plaintiff's remaining claims—those against Defendant Franklin County Corrections Center and his claims regarding his state court-proceedings for which he seeks immediate release—should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, Plaintiff has failed to provide summons and U.S. Marshal forms for service on Defendant Deputy Sumner. It is therefore **ORDERED** that Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for Defendant Sumner. As ordered below, once the Court receives the requested forms and service copies, the United

States Marshal will issue service upon Defendants Nurse Linda, Nurse Sandy, and Deputy Sumner as directed by Plaintiff, with costs to be advanced by the United States.

### D. Motions for Default Judgment

Finally, Plaintiff's pending motions for default judgment should be denied. (Doc. 5, 7). Plaintiff seeks default judgment against Defendants based on their alleged failure to respond to the complaint. Plaintiff relies on Fed. R. Civ. P. 12, which requires that a defendant serve an answer within twenty-one days after being served with the summons or complaint. (*See* Doc. 5 at PageID 166, Doc. 7 at PageID 183). However, Defendants have yet to be served in this case. As discussed above, once Plaintiff provides the necessary United States Marshal and summons forms for service on Defendants, the United States Marshal will issue service upon Defendants. Accordingly, Plaintiff's motions (Doc. 5, 7) seeking default judgment should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's claims against Defendant Franklin County Corrections Center and his claims challenging his pending state-court proceedings be **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); and

2. Plaintiff's motions for default judgment (Doc. 5, 7) be **DENIED.**

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for Defendant Sumner.

2. Upon receipt of the requested forms, the United States Marshal shall serve a copy of the complaint, summons, the Order granting Plaintiff *in forma pauperis* status, and this

7

        Order and Report and Recommendation upon Defendants Nurse Linda, Nurse Sandy, and Deputy Sumner as directed by Plaintiff, with costs of service to be advanced by the United States.

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

June 25, 2024                                        *s/Peter B. Silvain, Jr.*
                                                                      Peter B. Silvain, Jr.
                                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).